■ ABSOLUTE DIRECTION, INC., Respondent, v SAM ANDERSON et al., Professionally Known as DOMANI, Appellants. [607 NYS2d 25] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered January 22, 1993, which granted plaintiff's motion, pursuant to CPLR 2221, for leave to reargue Justice Harold Baer, Jr.'s prior denial of its motion for summary judgment, and, upon reargument, granted plaintiff's motion for summary judgment on the issue of liability, unanimously affirmed, with costs.

We find that since all of the breaches of the instant Management Agreement alleged by defendants would clearly constitute breaches of the specific terms of said Agreement, if proven, paragraph 14 of the Agreement required defendants to serve plaintiff with written notice of said breaches and an opportunity to cure said breaches. Since defendants failed to so serve plaintiff, plaintiff was entitled to summary judgment on the issue of liability. Defendants also claim that even though the Agreement specifically provided that all modifications and waivers must be in writing, there was a valid waiver of the notice and opportunity-to-cure requirements of paragraph 14 of the Agreement. However, the record not only fails to demonstrate such a waiver, there is no evidence, assuming an oral waiver did occur, that the parties' performance after the waiver was unequivocally referable to the oral agreement to modify *(see, Grandonico v Consortium Communications Intl.,* 566 F Supp 1288, 1291).

We have considered all other issues and find them to be meritless. Concur—Murphy, P. J., Carro, Wallach and Ross, JJ.